### 17611. SOUTHERN SURETY COMPANY v. WILLIAMS.

1. As to a surety on a contractor's bond executed in accordance with the act approved August 8, 1916 (Ga. L. 1916, p. 94; *So. Surety Co.* v. *Dawes,* 161 *Ga.* 207, 130 S. E. 577), to secure the performance of the contractor's obligations under a contract with a municipality for "the construction of paving and other improvements on the streets," an employee of the contractor is not doing work "under and for the purpose of" the latter contract where he is engaged only in "winding up the affairs" of his employer in the particular location, such as collecting and looking after the machinery and "shipping it to the next work they were going to do," all of this being done after the paving and the other improvements have been fully completed and after the municipality has formally and finally accepted the same as a compliance with the contract between it and the contractor.

2. In this action by such employee against the surety to recover for such services, the surety was not liable, and, the verdict against it being

New Trial, 29 Cyc. p. 818, n. 30.

Principal and Surety, 32 Cyc. p. 76, n. 42, 43; p. 154, n. 2; p. 166, n. 63; p. 167, n. 67.

contrary to law, the court erred in refusing a new trial. See Civil Code (1910), § 3540; 32 Cyc. 76, 154.

DECIDED APRIL 16, 1927.

Complaint on bond; from city court of Thomasville—Judge MacIntyre. July 10, 1926.

*Branch & Snow*, for plaintiff in error. *Titus & Dekle*, contra.

BELL, J. Adams, Evans & Company entered into a contract with the City of Thomasville "for the construction of certain paving and other improvements on the streets," and gave a bond on which Southern Surety Company was surety. This bond was in accordance with the provisions of the act of August 8, 1916 (Ga. L. 1916, p. 94), and was conditioned as follows: "The conditions of this obligation are such that if the above-mentioned principal shall complete said contract in accordance with the terms, save the city free from all costs and charges that may accrue on account of doing the work specified, pay as they become due all just claims for work, tools, machinery, skill, and materials furnished by persons under and for the purpose of said contract, and comply with the laws appertaining to said contract, then this bond shall be void." The present suit was brought against the surety company by J. B. Williams, an employee of the contractor, to recover for work alleged to have been done by Williams for the contractor under the main contract with the city. The trial of the case resulted in a verdict in favor of the plaintiff, and the surety company excepted to the overruling of its motion for a new trial. The only question raised for decision in this court is whether the recovery by the plaintiff was authorized under the law and the facts.

From the evidence it appears that on or about March 12, 1922, the contractor completed the work undertaken by the contract, receiving payment therefor, and the work was officially accepted by the city authorities, thus terminating the relation of the city and the contractor under the paving contract. Williams, the plaintiff in this suit, had been employed by the contractor as cashier, and continued in its service for the purpose of winding up its affairs in Thomasville, such as gathering up and looking after its machinery and shipping the machinery to the next place where the contractor was expected to need it. All the services for which the plaintiff sought to hold the surety company liable were ren-

dered after the contractor had finished the work it was to do under the paving contract and after the work had been officially accepted by the city and paid for in full. In our opinion, the liability sought to be enforced is not one which the surety assumed under its contract. Since the entire work to be performed by the contractor under the paving contract had been fully executed, the plaintiff's labor was not done "under and for the purpose of said contract," and, for this reason, the verdict in the plaintiff's favor was contrary to law, and the court should have granted the defendant a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*